FILED
NOV 1 4 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Ramon MALDONADO-Aroche (1),<br>Javier GARCIA-Serrano (2),<br><br>　　　　Defendants | Mag. Case No. '07 MJ 8926<br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1324<br>(a)(1)(A)(ii) -Illegal Transportation of<br>Aliens and Title 18, U.S.C., Section 2, Aiding<br>and Abetting (Felony) |

The undersigned complainant, being duly sworn, states:

On or about November 12, 2007 within the Southern District of California, defendants Ramon MALDONADO-Aroche and Javier GARCIA-Serrano, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Josue HERNANDEZ-Rebolledo, Cesar MARTINEZ-Damian and Sergio Ivan RIVERA-Hernandez had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and Title 18, United States Code, 2

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 14th DAY OF NOVEMBER 2007.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Peter C. Lewis
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES OF AMERICA

v.

Ramon MALDONADO-Aroche (1)

Javier GARCIA-Serrano (2)

STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending officer, Border Patrol Agent M. Harrington that on November 12, 2007, the defendants, Ramon MALDONADO-Aroche, the driver of a 1991 Toyota Camry bearing California registration 6AEG179, and Javier GARCIA-Serrano, the foot guide for the apprehended group, are both natives and citizens of Mexico. The defendants were apprehended near Calexico, California, as they attempted to smuggle (6) six undocumented aliens from Mexico into the United States in violation of law.

At Approximately 5:30 P.M. Agent A. Mills was operating the Calexico California Border Patrol Stations Remote Video Surveillance System (RVSS) when he observed a group of individuals make an illegal entry into the United States approximately seven miles east of Calexico, California. Agent Mills notified Agents in the area of his observations. Agent Harrington was able to observe the group as they made their way north from the border area. Agent Harrington was able to see a young man, later identified as Javier GARCIA-Serrano, gesturing with his hands. It appeared to Agent Harrington this individual, GARCIA, was guiding the group. Agent Harrington observed a Camry stop near the group and a National Guardsman operating the RVSS reported the group of individuals loaded into the Camry.

Agent Harrington began to follow the Camry as it went northbound out of the area. Using the emergency lights and sirens on their Border Patrol Vehicles, Agent J. Vega-Torres and Harrington attempted to stop the Camry. The Camry failed to yield to the agents. A Controlled Tire Deflation Device was successfully deployed against the Camry, yet it still failed to stop. After approximately one-quarter of a mile the Camry finally stopped. Agents Harrington and Vega-Torres immediately approached the vehicle and saw the driver, Ramon MALDONADO-Aroche, was still seated behind the steering wheel with his hands held in the air.

Agents Harrington and Vega-Torres identified themselves and questioned the occupants of the Camry. It was determined that MALDONADO, GARCIA and the other six(6) occupants are all natives and citizens of Mexico illegally in the United States. MALDONADO, GARCIA and the six others were arrested and transported to the Calexico Border Patrol Station.

At the Station, Agent S. Sedano witnessed Agent Vega-Torres read MALDONADO his rights per Miranda. MALDONADO acknowledged his rights and was willing to answer questions without an attorney present. MALDONADO stated he illegally crossed the border four days ago and the smuggler offered him a reduced smuggling fee if he drove a car that was going to be used to smuggle illegal aliens. MALDONADO stated he was given a radio so he could communicate with the smuggler. MALDONADO stated someone signaled for him to stop the car and the illegal aliens got into the car. MALDONADO stated he saw the lights behind him and he knew someone was trying to stop him. MALDONADO stated he did not stop and someone threw something that popped the car's tires. MALDONADO stated after the tires went flat he stopped the car. MALDONADO stated he knew it was dangerous and his actions endangered the people that he was smuggling. MALDONADO stated he knows he picked up the individual who flagged him down and showed him where to stop the car.

At the Station, Agent Sedano witnessed Agent Vega-Torres read GARCIA his rights per Miranda. GARCIA acknowledged his rights and was willing to answer questions without an attorney present. GARCIA acknowledged that on November 12, 2007, he guided six illegal aliens into the United States. GARCIA stated a man named "Pepito" offered him a job smuggling illegal aliens. GARCIA state he was offered $50.00 for each alien he successfully guided and a reduced smuggling fee for himself and GARCIA's father. GARCIA stated "Pepito" told the group GARCIA was the guide and they were suppose to listen to him. GARCIA stated after crossing the border he waived to the driver to stop so the group could board the car. GARCIA states he sat next MALDONADO upon boarding the car. GARCIA stated he saw the lights behind them as they were driving and MALDONADO did not want to stop.

GARCIA was shown six-pack photo line-up number one and positively identified photo number three, MALDONADO, as the smuggler who was driving the vehicle. GARCIA also stated everyone in the car was telling MALDONADO to stop the car.

    Material Witnesses Josue HERNANDEZ-Reolledo, Cesar MARTINEZ-Damian and Sergio Ivan RIVERA-Hernandez all state they are natives and citizens of Mexico illegally in the United States. HERNANDEZ, MARTINEZ and RIVERA all stated they made arrangements with a smuggler in Mexico to pay $1500 to $1700 to be smuggled into the United States.

    MARTINEZ and RIVERA were able to positively identified photo number three, MALDONADO, as the driver of the car from six-pack photo line-up number one. HENANDEZ indicated the driver of the car is a man and the guide, GARCIA, sat next to the driver upon boarding the car.

    HERNANDEZ, MARTINEZ and RIVERA were shown six-pack photo line up number two and positively identified photo number two, GARCIA, as the individual that guided them across the International Boundary with Mexico into the United States.

    The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
| --- | --- |
| Josue HERNANDEZ-Rebolledo | Mexico |
| Cesar MARTINEZ-Damian | Mexico |
| Sergio Ivan RIVERA-Hernandez | Mexico |

    Further, complainant states that Josue HERNANDEZ-Rebolledo, Cesar MARTINEZ-Damian and Sergio Ivan RIVERA-Hernandez are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.